UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS BYRD,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BARBIERI, et al.,<br><br>Defendants. | No. 2:25-cv-03091-DC-CKD<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL<br><br>(Doc. No. 5) |

On October 27, 2025, Plaintiff filed a request to file under seal a confidential information memorandum in support of his motion for temporary restraining order and preliminary injunction, and request for expedited discovery. (Doc. No. 5.)

Plaintiff asserts the "[m]emorandum contains information concerning confidential business information, which if publicly disclosed would harm the competitive position of Night Vision [Corporation]." (Doc. No. 5-1 at 2.) More specifically, Plaintiff notes the memorandum contains information relating to Night Vision Corporation's competitive advantages, pricing model, financial data, customer revenue breakdown, and financial statements. (*Id*. at 3.) Plaintiff asks the court to indefinitely seal the entire memorandum to protect Night Vision Corporation's confidential and proprietary information from improper disclosure. (*Id*.)

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

1 | established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,
2 | presumptively public."). However, courts may permit a party to file under seal documents, such
3 | as exhibits, where that party shows "compelling reasons" to support maintaining secrecy of those
4 | documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for*
5 | *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling
6 | reasons" standard to motions that are "more than tangentially related to the merits"). "In general,
7 | 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files
8 | might . . . become a vehicle for improper purposes,' such as the use of records to . . . release trade
9 | secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

10 | Here, the court has reviewed the memorandum and finds Plaintiff has shown compelling
11 | reasons exist to grant his request to seal, given the proprietary information contained in the
12 | memorandum. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing the district
13 | court's denial of a request to seal an exhibit that contained "the pricing terms, royalty rates, and
14 | guaranteed minimum payment terms," because that "information [] plainly falls within the
15 | definition of 'trade secrets.'"); *Unlockd Media, Inc. Liquidation Trust v. Google LLC*, No. 21-cv-
16 | 07250-HSG, 2022 WL 4624985, at *2 (N.D. Cal. Sep. 30, 2022) (finding compelling reasons to
17 | seal non-public information related to a company's business model to prevent competitors from
18 | obtaining an unfair advantage). The court will therefore grant Plaintiff's request to seal.

19 | Accordingly,
20 |     1.    Plaintiff's request to seal (Doc. No. 5) is GRANTED;
21 |     2.    Exhibit A of Plaintiff's declaration (Doc. No. 4-4) filed in support of his motion
22 |         for temporary restraining order and preliminary injunction, and request for
23 |         expedited discovery shall be filed under seal to be accessed only by the court and
24 |         the parties; and
25 | /////
26 | /////
27 | /////
28 | /////

3. Within three (3) days from the date of entry of this order, Defendants shall email a PDF copy of the unredacted version of the subject documents to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated: **November 6, 2025**

Dena Coggins
United States District Judge

3